**Karina A. GERCHIKOVA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–71721, 03–74030.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Aug. 18, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

Palmer A. Hoovestal, Helena, MT, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the Deputy Chief Counsel, Department of Homeland Security/ICE, Helena, MT, David J. Kline, Esq., Hugh G. Mullane, Esq., Isaac R. Campbell, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, CALLAHAN, Circuit Judges, and BERTELSMAN, Senior District Judge.*

## MEMORANDUM **

Petitioner Karina Gerchikova–Yager ("Gerchikova") appeals the Board of Immigration Appeals' ("BIA") order of removal and reaffirmation of an earlier order in which it affirmed the Immigration Judge's ("IJ") denial of asylum. Gerchikova, a native and citizen of Uzbekistan, seeks asylum on the basis of her purportedly well-founded fear of persecution on account of religion and ethnicity if she is required to be repatriated to Uzbekistan. We have jurisdiction over the appeal pursuant to 8 U.S.C. § 1252. We affirm the BIA, and deny Gerchikova's petition for review.

■ Gerchikova argues that the BIA erred in denying her application for asylum. Substantial evidence supports the conclusion that Gerchikova did not previously suffer persecution in Uzbekistan. Our cases have developed a demanding standard for demonstrating persecution, *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) ("Persecution is 'the infliction of suffering or harm upon those who differ ... in a way regarded as offensive.' Persecution, however, is 'an extreme concept that does not include every sort of treatment our society regards as offensive.' "), which Gerchikova cannot satisfy. The routine harassment, confrontational literature, and employment discrimination endured by her and her family were unfortunate, but did not meet the high threshold for persecution.

■ Nor did the BIA err in concluding that Gerchikova could not demonstrate a well-founded fear of future persecution. Substantial evidence supported its conclusion that Gerchikova's fear was entirely speculative. The voluminous documentary evidence provided in support of her appeal instead undermined the reasonableness of her fear. The BIA did not abuse its discretion in failing to explicitly address each element of documentary evidence upon which it relied, since it "consider[ed] all pertinent facts" and "indicate[d] how it weighed the factors involved and how it

---

* The Honorable William O. Bertelsman, Senior Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

arrived at its conclusion." *Socop–Gonzalez v. INS,* 208 F.3d 838, 846 (9th Cir.2000) (internal quotations and citations omitted).

Gerchikova asserts that the BIA ran afoul of our admonition in *Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 871–72 (9th Cir.2003) (*en banc*) ("[T]he BIA's categorical refusal to provide a procedure by which [petitioner] might tender new evidence relevant to the establishment of prima facie eligibility for suspension of deportation violated [petitioner's] right to due process."), by failing to review the evidence she submitted in support of her claim that she would suffer "extreme hardship" if returned to Uzbekistan. In denying her motion to reopen following remand from this court, the BIA explicitly "considered the voluminous evidence presented by [Gerchikova] with her motion." Nothing more was required. Thus, the BIA did not abuse its discretion in denying the motion.

**PETITION DENIED.**